*E-FILED - 3/31/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. O'HAIRE,<br><br>      Plaintiff,<br><br>  v.<br><br>NAPA STATE HOSPITAL, et. al.,<br><br>      Defendants. | No. C 07-0002 RMW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE; FURTHER SCHEDULING ORDER<br><br>(Docket No. 16) |

Plaintiff, proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and the Civil Rights of Institutionalized Persons Act ("CRIPA") concerning the conditions of his confinement at Napa State Hospital. Plaintiff has paid the filing fee. Defendants Protection and Advocacy, Inc. and Kessler have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed a notice of waiver of summons showing that the following named defendants have waived service of summons and the complaint: California Department of Licensing and Certification, Thomas, Graziani, and Oncea. The court has reviewed the complaint and dismisses the complaint with leave to amend **within thirty (30) days** of the date this order is filed. The court also issues a scheduling order as set forth below. In order to consolidate the defendants' responses in this action, defendants Protection and Advocacy, Inc. and Kessler's

motion to dismiss (docket no. 16) is DENIED without prejudice for administrative tracking purposes only and will be CONTINUED as set forth below.

## BACKGROUND

On August 26, 1999, plaintiff was admitted to Napa State Hospital ("NSH") pursuant to California Penal Code § 1026, based upon a finding of not guilty by reason of insanity in Alameda Superior Court. Plaintiff's complaint concerns the conditions of his confinement at Napa State Hospital, as set forth below.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

#### 1. Medical Needs

Plaintiff alleges that defendants Kaur and Yasaie denied him a realistic opportunity for treatment and recovery and defendants did not exercise due diligence to protect, care for and treat Plaintiff. Plaintiff claims that he was subject to sleep deprivation and a prolonged sleep disorder caused by defendants Kaur and Yasaie's treatment. Complaint at 101-102. Plaintiff also alleges that defendants Graziani, Ott, Kessler, Protection and Advocacy, Inc. ("PAI") and the California Department of Licensing and Certification ("Licensing") were aware of plaintiff's inadequate care and treatment, and failed or refused to provide for him a realistic opportunity for treatment

and recovery. Complaint at 101-102

Under the Due Process Clause of the Fourteenth Amendment, persons who have been involuntarily committed retain substantive liberty interests, which include the right to adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom from unnecessary bodily restraint. Youngberg v Romeo, 457 U.S. 307, 315-16 (1982). States also must provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released. Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000); cf. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1121 (9th Cir. 2003) (incapacitated criminal defendants have a liberty interest in receiving restorative treatment and an interest in freedom from incarceration).

Additionally, the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). A mentally ill prisoner may establish unconstitutional treatment by prison officials by showing that the officials have been deliberately indifferent to his serious medical needs. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. See Doty, 37 F.3d at 546; Capps v. Atiyeh, 559 F. Supp. 894, 916 (D. Ore. 1983) (inmate suffers Eighth amendment pain whenever he must endure untreated serious mental illness for any appreciable length of time).

Liberally construed, plaintiff has alleged a cognizable claim of inadequate medical care and treatment under the Eighth and Fourteenth Amendments.

**2.     Equal Protection and Due Process - Work Claims**

Plaintiff alleges that defendants Oncea, Ott, Graziani, Kessler, and PAI devised a scheme to improperly apply for a certificate for the U.S. Department of Labor to pay client/worker employees in the OJT program, or comparable work programs, at the federal minimum wage and benefit standard rather than the California minimum wage and benefit standard. Plaintiff

maintains that defendants Oncea, Ott, Graziani, Kessler, and PAI misled and improperly asserted that the NSH worker/employees were incapable of job performance equivalent to their counterparts in the community by reason of the debilitating effects of their mental illness, and unreliability to regularly attend work.  Plaintiff asserts that the disparity in pay standards was "fatally flawed, intentional, yielded  - *a windfall* - to the defendants, and erected an infirm disparity in pay standards among disabled client/workers, in OJT or comparable programs, within state hospitals operated by the California Dept. of Mental Health." Complaint at 103.  Plaintiff further alleges that these defendants improperly denied him earned-time off ("ETO") benefits and the benefit of debt-forgiveness otherwise extended to other classes of client/worker employees.  Id.  Plaintiff maintains that these defendants knew, or reasonably should have known of such infirm labor practices, yet failed or refused to act with due diligence in discharge of their duties to protect plaintiff.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).  When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates.  More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); Timm v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990) (same).

Liberally construed, plaintiff has alleged a cognizable equal protection claim based upon the above named defendants failure to provide the same work standards and benefits to plaintiff based upon his disability and mental illness, as compared to other NSH workers and workers at other state hospitals.  Plaintiff has also alleged a cognizable due process claim in the denial of work standards and benefits in his employment at NSH.

**3.     Equal Protection - Sexual Orientation**

1    Plaintiff alleges that defendants NSH, Graziani, Kessler and PAI denied plaintiff, and
2  similarly situated patients under indefinite commitment, the opportunity to engage in consensual
3  sexual relations without regard to sexual orientation.  Plaintiff alleges that these defendants
4  permitted heterosexual expressions of intimacy, while restraining or allowing the restraint of
5  homosexual or lesbian expressions of intimacy.  Complaint at 103-104.
6    The recognized class of "homosexual persons or gays and lesbians" is protected from
7  discrimination by the Equal Protection Clause of the Fourteenth Amendment.  See Romer v.
8  Evans, 517 U.S. 620, 631-36 (1996).  Although homosexuals do not constitute a "suspect or
9  quasi-suspect class" entitled to heightened equal protection scrutiny, see High Tech Gays v.
10 Defense Indus. Security Clearance Office, 895 F.2d 563, 571-74 (9th Cir. 1990), the government
11 may defeat allegations that one was discriminated against on the basis of mere status as a
12 homosexual only if it can establish that the discriminatory regulation, policy or practice bears a
13 rational relation to legitimate governmental purposes.  See Romer, 517 U.S. at 633-36 (finding
14 state constitutional amendment prohibiting gays and lesbians from seeking protection of the laws
15 bears no rational basis to legitimate state interests).  In the context of prisons, a regulation, policy
16 or practice that discriminates against homosexuals will not survive unless it is "reasonably
17 related to legitimate penological interests."  See Turner v. Safley, 482 U.S. 78, 89 (1987).
18 Liberally construed, plaintiff's allegations state a cognizable equal protection claim concerning
19 his sexual orientation.
20   **4.    Retaliation**
21   Plaintiff alleges that defendants Thomas, Yasaie, and Weakley intentionally and
22 improperly labeled plaintiff as paranoid and re-prescribed psychiatric medication to him in order
23 to slow, frustrate, or obstruct his pursuit of administrative and federal relief.  Plaintiff claims that
24 these defendants acted to instill fear and dissuade him from exhausting his administrative
25 remedies and gaining access to federal court.  Complaint at 104-105.  Plaintiff claims that
26 defendants NSH, Graziani, Ott, Kessler, PAI and Licensing are liable in their individual, official,
27 managerial, regulatory or advocacy capacities by their act or omission in that they knew or
28 reasonably should have known of these infirm conditions to which plaintiff was subjected, yet

they failed or refused to exercise due diligence in their duty to protect and care for plaintiff. Id. at 105.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. Perry v. Sindermann, 408 U.S. 593, 597 (1972). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (same).

Prisoners may not be retaliated against for exercising their right of access to the courts. Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) (retaliation for prisoner's work as jailhouse lawyer). This constitutional prohibition clearly includes retaliation for filing a complaint. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The right of access to the courts extends to established prison grievance procedures. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Thus, a prisoner may not be retaliated against for using such procedures. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Hines v. Gomez, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). The right to file a grievance is subsumed under the First Amendment right to petition the government for redress of grievances, see id. at 333, and protects both the filing, see id., and content, see Bradley, 64 F.3d at 1279, of prison grievances.

Liberally construed, plaintiff's allegations satisfy the pleading requirements for a First Amendment retaliation claim.

Order of Dismissal With Leave to Amend; Denying Defendant's Motion to Dismiss Without Prejudice; Further Scheduling Order
P:\pro-se\sj.rmw\cr.07\OHaire002dwltamisc           6

**5.      Access to Legal Materials**

Plaintiff alleges that defendants Graziani, Ott, Thomas, Weakley, Kessler, PAI and Licensing are liable for individually or jointly causing or perpetuating the prolonged denial of plaintiff's access to legal materials. Plaintiff claims that the defendants' actions were intended to slow, frustrate and abstrict his pursuit of federal relief in his earlier civil rights action and the instant case. Complaint at 105-106.

The right of access to the courts is guaranteed to people who are involuntarily committed to a mental institution, regardless of whether they are civilly committed after criminal proceedings or civilly committed on the grounds of dangerousness. See Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995). The arbitrary denial by prison officials of access to materials the prison routinely made available to inmates for the preparation of legal documents constitutes a denial of an inmate's right of access to the courts where it results in the loss of a legal claim. Phillips v. Hust, 477 F.3d 1070, 1073 (9th Cir. 2007).

A plaintiff must allege an "actual injury" to court access, however, which consists of some specific "instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted. Id.; see, e.g., Jenkins v. McMickens, 618 F. Supp. 1472, 1474-75 (S.D.N.Y. 1985) (complaint alleging certain documents pertaining to pending trial confiscated and not returned too conclusory to support claim of denial of access to court).

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55. The right of access to the court is limited to the initiation of a court action. The state is not required to enable the prisoner to discover grievances or to litigate effectively once in court. Lewis, 518 U.S. at 354. Once he identifies the inadequacy in the

1  program (e.g., law library or legal assistant), the prisoner must demonstrate that the alleged
2  shortcomings in the program hindered his efforts to pursue a legal claim.  Id. at 351.  An
3  impermissible hindrance might include the dismissal of a prisoner's action for failure to satisfy
4  some technical requirement because of deficiencies in the prison's legal assistance program.  Id.
5  at 351.

6       Here, plaintiff has failed to allege the requisite element of an actual injury in his
7  complaint.  The prolonged denial of access to legal materials has not deprived plaintiff of his
8  ability to initiate any legal action, as plaintiff is currently litigating the instant case in this court.
9  The court notes that plaintiff's earlier civil action in this court was dismissed for failure to
10 exhaust his administrative remedies, not based upon any failure to meet deadlines or comply with
11 the court's requirements in the case.  Accordingly, plaintiff fails to state a claim upon which
12 relief may be granted under § 1983.  Plaintiff will be granted leave to AMEND his complaint to
13 state a cognizable claim of denial of access to the courts, if he can do so in good faith.

14     **6.  State Law Claims**

15      Plaintiff alleges that the court should exercise "supplemental jurisdiction over all State-
16 law claims reasonably related to, and flowing from conduct violating federal law, pursuant to
17 Title 28, U.S.C. § 1367."  Complaint at 110, ¶ 211.  Although "'district courts shall have
18 supplemental jurisdiction over all other claims that are so related to claims in the action within
19 such original jurisdiction that they form part of the same case or controversy under Article III of
20 the United States Constitution,'" (28 U.S.C. § 1367(a)), plaintiff fails to allege any state law
21 claims in the complaint.  Accordingly, the court will grant plaintiff leave to amend to allege any
22 relevant state law claims pursuant to § 1367, if he can do so in good faith.

23      Plaintiff will be given leave to amend the complaint to cure these deficiencies.
24 Accordingly, the court grants plaintiff leave to file an amended complaint **within thirty (30)**
25 **days** of the date this order is filed, to address the deficiencies set forth above.  In the alternative,
26 plaintiff may file a notice with the court stating that he intends to proceed with the cognizable
27 claims in the original complaint.  Because an amended complaint completely replaces the
28 original complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik v.

Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992).

**CONCLUSION**

1. Plaintiff's claim of the denial of access to the courts is DISMISSED with leave to amend.

2. Plaintiff's complaint is DISMISSED with leave to amend to allege any state law claims pursuant to 28 U.S.C. § 1367.

3. Defendants Protection and Advocacy, Inc. and Kessler's pending motion to dismiss (docket no. 16) and all other motions to dismiss will be scheduled once the operative complaint is served on the remaining defendants and all of the defendants have filed dispositive motions, or notified the court that they do not intend to file any motion. For administrative tracking purposes only, the motion currently filed (docket no. 16) is deemed DENIED without prejudice to later consideration on the merits.

4. Plaintiff's complaint is DISMISSED with leave to amend, as indicated above, **within thirty (30) days** from the date this order is filed. In the alternative, plaintiff may file a notice with the court stating that he intends to proceed with the cognizable claims in the original complaint.

An amended complaint must include the caption and civil case number used in this order (C 07-0002 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation or exhibits, by reference. Plaintiff must include all of his claims, including the cognizable claims set forth above, in the amended complaint. **Failure to file an amended complaint, or notify the court, within the designated time will result in the court proceeding with the cognizable claims in the original complaint.**

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."

1  Plaintiff must comply with the court's orders in a timely fashion or ask for an extension of time
2  to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of
3  Civil Procedure 41(b).
4      IT IS SO ORDERED.
5  DATED:   3/31/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal With Leave to Amend; Denying Defendant's Motion to Dismiss Without Prejudice; Further Scheduling Order
P:\pro-se\sj.rmw\cr.07\OHaire002dwltamisc            10