*E-FILED - 9/11/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. O'HAIRE,<br><br>              Plaintiff,<br><br>    v.<br><br>NAPA STATE HOSPITAL, et. al.,<br><br>              Defendants. | No. C 07-0002 RMW (PR)<br><br>ORDER DISMISSING CLAIMS; DIRECTING SERVED DEFENDANTS TO FILE ANSWER OR NOTICE OF APPEARANCE; DIRECTING PLAINTIFF TO SERVE UNSERVED DEFENDANTS OR SHOW CAUSE FOR LACK OF SERVICE; DENYING PENDING MOTIONS; INSTRUCTIONS TO CLERK<br><br>(Docket Nos. 33 & 37) |

Plaintiff, proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and the Civil Rights of Institutionalized Persons Act ("CRIPA") concerning the conditions of his confinement at Napa State Hospital ("NSH"). On March 31, 2008, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A, and found four of the claims, when liberally construed, to be cognizable. The court dismissed the state law claims and the claims of denial of access to the courts with leave to amend. Plaintiff has filed a response indicating that he wishes to "waive" his right to amend these claims, and to proceed with the four cognizable claims. Plaintiff has also filed two motions that the court addresses below.

A.     Claims

In the March 31, 2008 order, the court dismissed plaintiff's claims for denial of access to the courts and his state law claims with leave to amend.  On April 22, 2008, plaintiff filed a notice that he "waives" these two claims and does not intend to amend them.  Accordingly, plaintiff's claims of denial of access to the courts and under state law are hereby DISMISSED. This matter shall proceed based on the four claims found cognizable in the March 31, 2008 order, to wit: (1) that defendants Kaur, Yasaie, Graziani, Ott, Kessler, Protection and Advocacy, Inc. ("PAI") and the California Department of Licensing and Certification ("CDLC") provided him inadequate medical care, in violation of his rights under the Eighth and Fourteenth Amendments; (2) that defendants Oncea, Ott, Graziani, Kessler, and PAI violated his right to equal protection in connection with the work standards and benefits they provided to him; (3) that defendants NSH, Graziani, Kessler and PAI denied plaintiff equal protection of the laws based on his sexual orientation; and (4) that defendants Thomas, Yasaie, and Weakley retaliated against him for his seeking administrative relief and filing lawsuits in federal court.

B.     Service of Defendants[1]

Defendants Kessler and PAI have appeared in this action via the filing of a motion to dismiss.  Plaintiff has filed a notice of waiver of summons showing that defendants CDLC, Thomas, Graziani, Weakley, and Oncea have waived service of summons and the complaint in March and April 2007.  Although these defendants have been served, they have not yet appeared in this action.  **Within 30 days of the date this order is filed, Defendants CDLC, Thomas, Graziani, Weakley, and Oncea shall file a notice of appearance in this action, or show cause why default judgment should not be entered against them; failure to do so will result in default judgment being entered against them.**

Plaintiff states that he mailed the summons, complaint and waiver of service of summons and complaint forms to the defendants Ott and NSH, but the waiver forms were never returned to him.  As a result, Plaintiff has not completed service upon these defendants.  In addition,

---

[1] As plaintiff has paid the filing fee, and is not proceeding in forma pauperis, he is responsible for effectuating service of the summons and complaint.  See 28 U.S.C. § 1915(d).

G:\PRO-SE\SJ.Rmw\CR.07\OHaire002ord4m2.wpd      2

1  Plaintiff indicates that he cannot locate defendants Kaur and Yasaie for service.  Here, plaintiff's
2  complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is
3  subject to dismissal without prejudice as to these four unserved defendant.  <u>See</u> Fed. R. Civ. P.
4  4(m).  Plaintiff has requested that the court order Deputy Attorney General Susan J. King, who
5  signed the waiver forms for the served defendants, to locate defendants Kaur and Yasaie.  There
6  is no indication that Ms. King knows the location of these defendants, who apparently do not
7  work at NSH anymore.  If Ms. King *is* in possession of such information for these defendants,
8  she may provide such information to plaintiff for purpose of service, or she may chose to waive
9  service and appear on their behalf, but Plaintiff cites no authority, and the court is not aware of
10 any, that the court can order her to do so.

C.     <u>Order</u>

11      1. **Accordingly, within 60 days of the date this order is filed, plaintiff must either serve defendants NSH, Ott, Kaur and Yasaie, or show cause why the claims against these defendants should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; failure to do so will result in the dismissal without prejudice of the claims against these unserved defendants.**

17      2. The parties may take discovery in accordance with the Federal Rules of Civil Procedure limited at this point to 10 interrogatories per side and a narrowly tailored request for production of documents.  The court will consider further discovery requests upon application of a party. Plaintiff's interrogatories may include questions to NSH for the purpose of locating defendants Yasaie and Kaur if plaintiff is unable to serve said defendants with any assistance offered by defense counsel.

23      3. Plaintiff's request for an initial assessment of costs is DENIED.

24      4. Plaintiff's motion to advance screening of this case is DENIED as moot.

25      5. The court will schedule dispositive motions in this matter following appearance and/or service of the defendants, as ordered above.

27      The clerk shall mail a courtesy copy of this order to Deputy Attorney General Susan J. King at the California Attorney General's Office.

1 | This order terminates Docket Nos. 33 and 37.

2 | IT IS SO ORDERED.

4 | DATED: 9/10/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

G:\PRO-SE\SJ.Rmw\CR.07\OHaire002ord4m2.wpd    4