*E-FILED - 12/9/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL D. O'HAIRE, | ) | No. C 07-0002 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING EXTENSION OF TIME; DIRECTING DEFENDANT NSH TO RESPOND TO REQUEST BY PLAINTIFF |
| v. | ) | |
| | ) | |
| NAPA STATE HOSPITAL, et. al., | ) | |
| | ) | (Docket No. 44) |
| Defendants. | ) | |

Plaintiff, proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and the Civil Rights of Institutionalized Persons Act ("CRIPA") concerning the conditions of his confinement at Napa State Hospital ("NSH"). On November 13, 2008, defendants Graziani, Oncea, Thomas, Weakley, Ott, NSH and the California Department of Public Health ("CDPH")[1] filed a motion to dismiss.

Two defendants, Dr. Kaur and Dr. Yasaie remain unserved. On September 11, 2008, the Court, inter alia, ordered plaintiff, within 60 days, either to arrange for service of the summons upon defendants Kaur and Yasaie, or show cause why the claims against these defendants should

---

[1] This defendant was erroneously named in the complaint as the California Department of Licensing and Certification, who is hereby replaced as a defendant by the CDPH.

1 not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff has
2 filed a request for an extension of time in which to comply with that order.  Good cause
3 appearing, plaintiff's request is GRANTED.  On or before **December 29, 2008,** plaintiff shall
4 cause the summons to be served upon defendants Kaur and Yasaie; failure to do so will result in
5 the dismissal without prejudice of the claims against them pursuant to Rule 4(m).

6 Plaintiff has further requested that defendant NSH be ordered to respond to an
7 interrogatory requesting the last known address for defendants Kaur and Yasaie, former NSH
8 employees, in order for plaintiff to be able to arrange for service upon them.  In the September
9 11, 2008 order, plaintiff was already given leave to propound interrogatories upon NSH for the
10 purpose of locating defendants Yasaie and Kaur.  Accordingly, defendant NSH, by and through
11 counsel, shall respond, on or before **December 7, 2008**, to plaintiff's request for information as
12 to the last known address for defendants Yasaie and Kaur.

13 Plaintiff's motion for a scheduling order was GRANTED in the November 12, 2008
14 order setting a briefing schedule on Defendants' motion to dismiss.  The motion shall be deemed
15 submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the
16 court so orders at a later date.

17 In light of the served defendants' appearance herein, plaintiff's request for default
18 judgment is DENIED.

19 This order terminates docket number 44.

20 IT IS SO ORDERED.

21 DATED:   12/5/08

*Ronald M. Whyte*

RONALD M. WHYTE
22 United States District Judge