***E-FILED - 8/7/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. O'HAIRE,<br><br>          Plaintiff,<br><br>   v.<br><br>NAPA STATE HOSPITAL, et. al.,<br><br>          Defendants. | No. C 07-0002 RMW (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART NAPA STATE HOSPITAL DEFENDANTS' MOTION TO DISMISS AND GRANTING DISABILITY RIGHTS CALIFORNIA AND KESSLER'S MOTION TO DISMISS<br><br>(Docket Nos. 47, 48, 59, 60, 73) |

Plaintiff, proceeding *pro se*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants Dave Graziani, Charles Oncea, David E. Thomas, M.D., Debby Weakley, Reggie Ott, Mohinder Kaur, Mahid Yasaie,[1] Napa State Hospital, and California Department of Public Health[2] (collectively, "Napa State Hospital Defendants") moved to dismiss on two grounds: (1) Napa State Hospital and  and California

---

[1] Kaur and Yasaie joined the motion after it was filed, but as soon as they appeared in this action by waiving service of summons.

[2] The department was erroneously sued as "California Department of Licensing and Certification."

Department of Public Health being improper parties, and (2) plaintiff failing to state equal protection claims against individual defendants. Plaintiff filed an opposition, and Napa State Hospital Defendants filed a reply. Defendants Disability Rights California (formerly, Protection & Advocacy, Inc. and hereinafter referred to as "DRC") and Susan Kessler moved to dismiss all claims against them. Plaintiff filed an opposition. DRC and Kessler filed a reply, and plaintiff filed a sur-reply. For the reasons set forth below, the court hereby GRANTS in part and DENIES in part Napa State Hospital Defendants' motion to dismiss, and GRANTS DRC and Kessler's motion to dismiss.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of plaintiff's claims. *See* Fed.R.Civ.P. 12(b)(6). In considering a Rule 12(b)(6) motion, the court accepts plaintiff's allegations as true and construes them in the light most favorable to plaintiff. *Gompper v. VISX, Inc*., 298 F.3d 893, 895 (9th Cir. 2002). The court is not required, however, to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). The complaint is properly dismissed if it fails to "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## DISCUSSION

**I.    Napa State Hospital Defendants' Motion to Dismiss**

    *A.    Plaintiff's Section 1983 Claims against Napa State Hospital and California Department of Public Health*

Defendants Napa State Hospital and California Department of Public Health move to dismiss the section 1983 claims against them because they are state agencies which are not "persons" for purposes of 42 U.S.C section 1983. Napa State Hospital Defs' MTD at

7. Plaintiff does not address this argument. The court agrees with defendants. To state a claim under section 1983, plaintiff must allege that a person was acting under the color of state law and the person committed a violation of a right secured by the Constitution or laws of the United States. Napa State Hospital and California Department of Public Health are agencies and subdivisions of a state and, therefore, not "persons" for purposes of section 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not persons within meaning of Civil Rights Act); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir.), *cert. denied*, 394 U.S. 966 (1969) (California Adult Authority and California Department of Corrections not persons within meaning of Civil Rights Act). Accordingly, the section 1983 claims against Napa State Hospital and California Department of Public Health are dismissed with prejudice.

### B. *Plaintiff's Claim for Violation of the Equal Protection Clause Based on Pay Rate*

Plaintiff alleges that defendants discriminated against him and other mentally disabled patients at Napa State Hospital by applying for a certificate from the U.S. Department of Labor so that defendant Napa State Hospital could pay its mentally disabled patients at the lower federal minimum wage rather than the California minimum wage for their work in the on-the-job-training program. In the application, defendants allegedly represented that the patients were incapable of job performance equivalent to their counterparts in the community by reason of the debilitating effects of their mental illness, and were unreliable. Plaintiff further alleges that other California state hospitals pay their patients in the on-the-job training programs at the California minimum wage rate. Complaint at 103.

When a state action neither impinges on a fundamental right guaranteed by the Constitution nor uses a classification based on a suspect criterion such as race, nationality, alienage, or gender, the action generally will not be found to violate the Equal

Order Granting in Part and Denying in Part Napa State Hospital Defendants' Motion to Dismiss and Granting
Disability Rights California and Kessler's Motion to Dismiss
P:\pro-se\sj.rmw\cr.07\OHaire002mtd.wpd        3

Protection Clause unless it has no rational basis. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985). Plaintiff does not -- and cannot -- allege that he has a fundamental right to a state minimum wage or that mentally disabled persons are a suspect class. *See, e.g., Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) (prisoner has no constitutional right to compensation for work performed in prison); *Cleburne*, 473 U.S. at 442-47 (rejecting contention that mental retardation is a quasi-suspect classification calling for heightened judicial scrutiny); *Disabled American Veterans v. United States Department of Veterans Affairs*, 962 F.2d 136, 142 (2d Cir. 1992) (applying rational basis standard to legislation denying disability benefits to certain mentally incompetent disabled veterans).[3] Accordingly, the court will review plaintiff's claim under rational basis standard.

Under the rational basis standard, a state action will be sustained if it is rationally related to a legitimate governmental purpose. *Cleburne*, 473 U.S. at 440. Under this standard, plaintiff will prevail if (1) he is similarly situated to persons who are treated differently by defendants; and (2) defendants have no rational basis for the dissimilar treatment. *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993).

Defendants argue that plaintiff does not allege that they treated him differently from others similarly situated. Napa State Hospital Defs' MTD at 11. The court agrees. In *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992), a prisoner raised an equal protection claim contending that he was denied a tape player while other inmates housed in a different unit were not. The court rejected his claim because it found that all of the inmates similarly situated, *i.e*., those housed in the same unit with plaintiff, were not permitted to possess tape players. Here, plaintiff alleges that Napa State Hospital patients are paid at a different pay rate than patients at Atascadero and Patton State Hospitals.

---

[3] Moreover, this case involves different treatment between two groups of similarly disabled individuals -- those that are patients at Napa State Hospital and those that are patients at Patton and Atascadero State Hospitals, not a differentiation between people with and without disabilities.

Order Granting in Part and Denying in Part Napa State Hospital Defendants' Motion to Dismiss and Granting Disability Rights California and Kessler's Motion to Dismiss
P:\pro-se\sj.rmw\cr.07\OHaire002mtd.wpd    4

However, plaintiff is not suing Atascadero or Patton hospitals. Thus, the way they treat their patients is irrelevant to his claim. What is relevant is that all of mentally disabled patients similarly situated, *i.e.*, those participating in the on-the-job training program at Napa State Hospital, are paid at the federal minimum wage rate. Plaintiff is no exception. He has not demonstrated a constitutional violation of his individual rights. Accordingly, his equal protection claim based on the pay rate is dismissed with prejudice.[4]

### C. *Plaintiff's Claim for Violation of the Equal Protection Clause Based on ETO Benefits*

Plaintiff alleges that he is employed in the Cafe at Napa State Hospital. He further alleges that defendants discriminated against him by taking away the inflated ETO benefits that were inadvertently given to him, while forgiving the inflated ETO benefits to two other groups of Napa State Hospital patients working for the Cafe: current workers who have already used their inflated ETO benefits and former workers that were no longer employed by the Cafe based on their discharge to a community out-patient treatment prior to the discovery of the inflated ETO issue. Complaint at 45.

Plaintiff does not allege a fundamental right to inflated ETO benefits or that he belongs to a suspect class. Accordingly, the court applies a rational basis standard of review in evaluating his claim. *See Cleburne*, 473 U.S. at 440. Defendants contend that a rational basis for the disparity exists, namely, that the status difference between current and former employees, as well as those current employees who used up the benefits and those who have not, justifies the disparity in treatment, and, therefore, plaintiff's claim fails. The court agrees. Plaintiff's allegations show that he is not similarly situated to the two groups that he claims were treated differently. *See Muhammad*, 966 F.2d at 903. In addition, defendants have shown a rational basis for treating those two groups differently

---

[4] Plaintiff has not suggested that any amendment could provide additional facts that might sustain this claim, and it is difficult to conceive of such an amendment. Consequently, this claim is dismissed without leave to amend. *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992) ("'a district court does not err in denying leave to amend where the amendment would be futile'").

from plaintiff. Accordingly, plaintiff's equal protection claim based on ETO benefits is dismissed with prejudice.[5]

### D. Plaintiff's Claim for Violation of the Equal Protection Clause Based on His Sexual Orientation

Plaintiff alleges that defendants discriminated against him and other homosexuals housed in Napa State Hospital by permitting heterosexual expressions of intimacy while restraining, permitting restraint or threatening to punish the homosexual expressions of intimacy. Complaint at 47, 103-104. Defendants argue that (1) homosexual activity is not a fundamental right under the U.S. Constitution and homosexual persons are not members of a suspect class, thus, the court should apply the rational basis standard of review; (2) prisoners have no constitutional right to contact visitation; and (3) under rational basis review, plaintiff's claim fails because he does not allege that he is being treated differently from others similarly situated.

The court does not need to address defendants' first two arguments because it finds that even under rational basis standard, plaintiff has stated a claim under the Equal Protection Clause by alleging that defendants' unwritten policy intentionally discriminated against homosexuals without any rational basis.[6] Defendants argue that plaintiff's claim fails because he alleges that he is treated differently from heterosexual couples with children. From this allegation, defendants extrapolate that plaintiff in fact alleges that defendants treat heterosexual couples without children and homosexual couples without children in the same manner. Because plaintiff is not treated differently from those similarly situated to him, *i.e.*, heterosexual couples without children,

---

[5] Similarly to the equal protection claim based on pay rate, plaintiff has not suggested that any amendment could provide additional facts that might sustain this claim, and it is difficult to conceive of such an amendment. Consequently, this claim is dismissed without leave to amend. *See Shermoen*, 982 F.2d at 1319.

[6] With respect to defendants' second argument, the court notes that whether prisoners have a constitutional right to contact visitation is not an issue in this case. Plaintiff does not claim that he has such a right or that it was denied to him.

Order Granting in Part and Denying in Part Napa State Hospital Defendants' Motion to Dismiss and Granting Disability Rights California and Kessler's Motion to Dismiss
P:\pro-se\sj.rmw\cr.07\OHaire002mtd.wpd         6

defendants argue that plaintiff has failed to state an equal protection claim. Napa State Hospital Defs' MTD at 15.

Defendants' reading of the complaint in this case is too narrow. A fair reading of the complaint shows that plaintiff does not allege that heterosexual and homosexual couples without children are being treated differently from couples with children. Instead, he alleges that defendants discriminate on the basis of sexual orientation by allowing consensual sexual activity between heterosexual adults and not allowing such activity between homosexual adults. Complaint at 104 ("Defendants . . . are liable . . . by denying Plaintiff, and similarly situated patients under indefinite commitment, the opportunity to engage in consensual sexual relations . . . without regard to sexual orientation, and further liable by permitting, encouraging, or tolerating heterosexual expressions of intimacy, while restraining, or permitting restraint of homosexual or lesbian expressions of intimacy"). While in one sentence plaintiff does refer to children by saying that defendants' policy prohibiting sexual intimacy did not apply to "heterosexual couples, at one time within T-15, who had children," in the following sentence, plaintiff clarifies that his allegations are broader: "There appeared a double-standard, unofficial acceptance of normal expression of heterosexual intimacy, whether or not the bi-product was a child, verses [sic] the expression of gay or lesbian consensual intimacy, in a relationship, the latter class of which Plaintiff is a member." Complaint at 47.

When plaintiff is appearing *pro se*, like he does here, the court must construe the pleadings liberally and afford plaintiff any benefit of doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988)). This rule of liberal construction is "particularly important" in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Liberally construed, plaintiff's allegations are sufficient to state an equal protection claim on the basis of sexual orientation. Accordingly, defendants' motion to dismiss is denied with respect to this claim.

## II. Re-Screening of Plaintiff's Claims under the ADA and CRIPA

Plaintiff and Napa State Hospital Defendants disagree whether the court dismissed plaintiff's claims under the Americans with Disabilities Act (the "ADA") and the Civil Rights of Institutionalized Persons Act (the "CRIPA") in its initial screening orders dated March 31 and September 11, 2008. In the March 31 order, the court dismissed the state law claims and claims of denial of access to the courts with leave to amend. The court found four cognizable claims: (1) deliberate indifference of serious medical needs under the Eighth and Fourteenth Amendments; (2) equal protection claim in connection with the work standards and benefits provided to plaintiff; (3) equal protection claim based on plaintiff's sexual orientation; and (4) retaliation claim under the First Amendment. The court did not address plaintiff's claims under the ADA and the CRIPA. Plaintiff notified the court that he did not wish to amend the dismissed claims and, instead, wanted to stand on his complaint. In the September 11 order, the court reiterated the claims it found cognizable in the March 31 order. The order was again silent as to the ADA and CRIPA claims. Accordingly, the court will now re-screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A to determine whether plaintiff's ADA and CRIPA claims are cognizable.

### A. *Plaintiff's ADA Claim*

Plaintiff's factual allegations under the ADA claim overlap with those under the equal protection claim based on pay rate.[7] As explained above, plaintiff alleges that defendants discriminated against him and other mentally disabled patients at Napa State Hospital by applying for a certificate from the U.S. Department of Labor so that defendant Napa State Hospital could pay its mentally disabled patients for their work in the on-the-job-training program at the lower federal minimum wage rate rather than at the California minimum wage rate. In the application, defendants allegedly misrepresented

---

[7] Although plaintiff's claims under the ADA and CRIPA overlap with his equal protection claims, plaintiff has clearly labeled his complaint as one under the ADA, the CRIPA, as well as section 1983. Accordingly, the court will respect the plaintiff's choice of legal theory and not construe plaintiff's claims to arise only under section 1983. *See O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007).

Order Granting in Part and Denying in Part Napa State Hospital Defendants' Motion to Dismiss and Granting Disability Rights California and Kessler's Motion to Dismiss
P:\pro-se\sj.rmw\cr.07\OHaire002mtd.wpd            8

that Napa State Hospital patients were incapable of job performance equivalent to their counterparts in the community by reason of the debilitating effects of their mental illness, and were unreliable. Plaintiff further alleges that other California state hospitals pay their patients in the on-the-job training programs California minimum wage. Complaint at 103.

Title II of the ADA prohibits public entities from discriminating on the basis of disability. 42 U.S.C. § 12132. To assert a claim under the ADA, plaintiff must allege that: (1) he is a qualified individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs or activities; (3) he was excluded or otherwise discriminated against by the public entity; and (4) the exclusion or discrimination occurred solely by reason of his disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

The court finds that plaintiff's allegations do not satisfy the third element, namely, that plaintiff was excluded or otherwise discriminated against by the public entity. As discussed above with respect to plaintiff's equal protection claim, plaintiff's allegations make clear that Napa State Hospital pays all of its patients at the same rate -- federal minimum wage rate. Accordingly, plaintiff cannot show that Napa State Hospital discriminated against him based on his mental illness. The fact that other state hospitals may pay their patients at a different rate is of no relevance to plaintiff's claim. Consequently, plaintiff's allegations fail to state a cognizable claim for relief under the ADA, and this claim is dismissed with prejudice.[8]

### B.   *Plaintiff's CRIPA Claim*

The CRIPA creates no private right of action. *See McRorie v. Shimoda*, 795 F.2d 780, 782 n. 3 (9th Cir. 1986); *see also Price v. Brittain*, 874 F.2d 252, 252-64 (5th Cir. 1989) (finding no private right of action under 42 U.S.C. § 1997d, an anti-retaliation provision included as part of the Act). Accordingly, plaintiff fails to state a claim under

---

[8] *See Shermoen*, 982 F.2d at 1319 ("'a district court does not err in denying leave to amend where the amendment would be futile'").

the CRIPA.

### III. Defendants Disability Rights California and Kessler's Motion to Dismiss

Defendants DRC and Kessler move to dismiss the section 1983 claims against them on the ground that their actions were not performed under color of state law as they are private parties, not government entities or officials. DRC & Kessler's MTD at 10. Plaintiff asserts that DRC and Kessler acted under color of state law because DRC contracts with the California Department of Mental Health to provide advocacy services to mentally disabled patients who are civilly committed in state hospitals operated by the Department of Mental Health, and Kessler is an employee of DRC. Complaint at 38; Pl's Opp. To DRC and Kessler's MTD at 3.

A plaintiff asserting a claim under 42 U.S.C. section 1983 must show that (1) "the conduct complained of was committed by a person acting under color of state law" and that (2) "this conduct deprived the claimant of a constitutional right." *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987). Generally, only a state actor, and not a private individual or entity, may be liable under section 1983 because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999) (quotation marks omitted); *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999). There is no right to be free from the infliction of constitutional deprivations by private entities. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). However, a section 1983 action can lie against a private entity when the private entity is a willful participant in joint action with the state or its agents. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Although there are several tests to determine where state action lies, the ultimate inquiry is whether the alleged infringement of federal rights is fairly attributable to the government. *Id*. at 1096.

In support of his argument that DRC and Kessler acted under color of state law, plaintiff relies on *West v. Atkins*, 487 U.S. 42 (1988). In *West*, the Supreme Court held that a physician who is under contract with the state to provide medical services to

inmates at a state-prison hospital on a part-time basis acted "under color of state law" when he treated an inmate since his conduct was fairly attributable to the state, *i.e.*, the state had an obligation to provide adequate medical care to those it incarcerates. *Id*. at 54-57. The Court found that it was the physician's *function* within the state system, not the precise terms of employment, that was determinative. *Id*. at 55-56.

      Accordingly, the fact that DRC has a contract with the California Department of Mental Health is not dispositive on this issue. Instead, the court must analyze DRC and Kessler's function within the state system. The court finds two cases informative in its analysis. In *Kirtley*, the Ninth Circuit held that a private individual who had been appointed a minor's guardian ad litem in a family court proceeding was not acting under color of state law. 326 F.3d at 1096. The court's analysis focused almost exclusively on the statutory definition of guardian. The guardian ad litem in *Kirtley* served two primary roles: (1) "an advocate for the best interests of the child subject to the custody dispute," and (2) "an independent source of information for the court regarding the circumstances of the custody dispute," both of which were to be carried out independent of judicial influence. *Id*. at 1093-94. Although a guardian was appointed, compensated, subject to qualification, and regulated by the state, Washington law clearly indicated that the intended benefits of the guardian "flow directly to the child, in whose interests the guardian must act." *Id*. at 1093 (internal citations and quotations omitted). Accordingly, the guardian ad litem served a private function. Similarly, in *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a court-appointed public defender "does not act under color of state law when performing pure advocacy functions." "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Id*. at 318. A defense lawyer does not act on behalf of the state or in concert with it, but rather advances "the undivided interests of his client," which is essentially a private function. *Id*. at 318-19.

      Applying *Kirtley* and *Polk County* to the instant case, the court finds that DRC and Kessler's function was purely private in nature. Plaintiff alleges that DRC and Kessler's

function was to advocate for mentally disabled patients and investigate any allegations of abuse and neglect of these patients in state hospitals. Complaint at 38. Plaintiff further alleges that he complained to DRC and Kessler about Napa State Hospital Defendants' violations of his constitutional rights, however, DRC and Kessler either refused to investigate, referred the issue to defendant Reggie Ott, asked plaintiff for more specifics with respect to the violation, advised plaintiff of his rights, or ruled that plaintiff's complaint was a "non-rights issue." *See e.g.,* Complaint at 48. All of plaintiff's allegations against DRC and Kessler relate only to their advocacy functions. As advocates for mental health patients, DRC and Kessler were akin to public defenders and guardians ad litem, who "do[] not act under color of state law when performing pure advocacy functions." *See Kirtley*, 326 F.3d at 1092. Furthermore, DRC and Kessler did not act on behalf of the state or in concert with it, but rather advanced interests of mental health patients such as plaintiff. *See Polk County*, 454 U.S. at 318-19.

The court's conclusion is supported by California Welfare & Institutions Code §§ 5510 and 5370.2(a), the enabling statutes for provision of services by DRC. Similar to the guardian ad litem statute in *Kirtley*, section 5370.2(a) provides that "the State Department of Mental Health shall contract with a single nonprofit agency [such as DRC] to . . . [p]rovide patients' rights advocacy services for, and conduct investigations of alleged or suspected abuse and neglect of, including deaths of, persons with mental disabilities residing in state hospitals." Section 5510 further evidences the independence of mental health advocate organizations, such as DRC, by providing that to avoid the potential or appearance for a conflict of interest, the organization and its employees cannot be state employees. The similarities between the statutory definitions of the guardian in *Kirtley* and that of mental health advocates such as DRC in the instant case show that there is sufficient independence from the state and therefore, DRC and Kessler do not qualify as state actors for section 1983 purposes. Accordingly, plaintiff's section

1983 claims against DRC and Kessler are dismissed with prejudice.[9]

## CONCLUSION

1. Napa State Hospital Defendants' motion to dismiss (docket no. 47) is GRANTED in part and DENIED in part. The motion to dismiss as to defendants Napa State Hospital and California Department of Public Health is granted. Napa State Hospital and California Department of Public Health are dismissed from this action. The motion to dismiss as to plaintiff's claims for violation of the Equal Protection Clause based on pay rate and ETO benefits is granted. These claims are dismissed with prejudice. The motion to dismiss is denied as to plaintiff's claim for violation of the Equal Protection Clause based on his sexual orientation.

2. Napa State Hospital Defendants' request for judicial notice (docket no. 48) is DENIED. The court has not relied on the attached documents in its ruling.

3. The court has re-screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A to determine whether the plaintiff's ADA and CRIPA claims are cognizable. Plaintiff's claims under the ADA and the CRIPA are dismissed with prejudice.

4. Plaintiff's request for leave to file to file a sur-reply (docket no. 73) is GRANTED.

5. Plaintiff's request for an extension of time to file his opposition (docket no. 59) is GRANTED. The court deems his opposition received on December 22, 2008 to have been timely filed.

6. Defendants Disability Rights California and Kessler's motion to dismiss (docket no. 60) is GRANTED. Disability Rights California and Kessler are dismissed from this action.

---

[9] As the court has determined that plaintiff is unable to establish that DRC and Kessler acted under color of state law, the court need not reach DRC and Kessler's other arguments in favor of dismissal of section 1983 claims against them. Furthermore, the court has re-screened the complaint and determined that plaintiff does not state cognizable claims under the ADA and the CRIPA. Accordingly, the court need not address DRC and Kessler's arguments regarding the ADA and CRIPA claims against them.

1    7.    In order to move this case toward resolution, the court now sets the
following briefing schedule:

(a)    No later than **ninety (90) days** from this order, the remaining defendants must file and serve a motion for summary judgment on the remaining claims. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

(b)    Plaintiff shall file with the court and serve upon defendants his opposition to the summary judgment motion no later than **thirty (30) days** after defendants' motion is filed. Plaintiff is reminded to bear in mind the notice and warning regarding summary judgment in the order of service as he prepares his opposition to any summary judgment motion.

(c)    Defendants shall file their reply no later than **fifteen (15) days** after plaintiff's opposition is filed.

IT IS SO ORDERED.

DATED:  8/5/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting in Part and Denying in Part Napa State Hospital Defendants' Motion to Dismiss and Granting
Disability Rights California and Kessler's Motion to Dismiss
P:\pro-se\sj.rmw\cr.07\OHaire002mtd.wpd        14