IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL D. O'HAIRE, | ) | No. C 07-0002 RMW (PR) |
| Plaintiff, | ) | ORDER ADDRESSING PENDING DISCOVERY MOTIONS |
| v. | ) | |
| | ) | (Docket Nos. 77, 78, 81, 82, 83) |
| NAPA STATE HOSPITAL, et. al., | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Currently, plaintiff has several discovery motions pending before the court that will be addressed below.

**A.    Plaintiff's request for clarification of limited discovery order and motion to compel discovery**

On May 1, 2009, plaintiff filed a pleading alleging that defendant Napa State Hospital employees were engaging in unfair tactical delays in refusing to respond to his discovery requests. Plaintiff requests clarification that the court's September 11, 2008 order, tentatively limiting discovery to "10 interrogatories per side;" meant 10 interrogatories per defendant.

Contrary to plaintiff's understanding, the court's limitation of 10 interrogatories per side means precisely that. At this time, plaintiff may propound a total of 10 interrogatories to the

defendants -- not 10 interrogatories per defendant -- and a narrowly tailored request for production of documents.

Plaintiff is reminded that <u>in order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek.</u> In addition, no motion to compel will be considered by the court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer with defendants in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

On May 20, 2009, plaintiff filed a motion to compel response to his discovery requests. It appears that plaintiff has thus far requested over 100 individual interrogatories. Because the court has now clarified its September 11, 2008 order limiting interrogatories to 10 <u>per</u> <u>side</u>, plaintiff's motion to compel a response to his discovery requests must be DENIED. At this time, defendants are not required to respond to plaintiff's requests beyond the stated limited interrogatories and production of documents.

**B.** **Ex parte motion for leave to initiate limited non-party discovery**

Plaintiff requests leave to propound interrogatories and a request for production of documents upon a non-party. Plaintiff is reminded that federal courts do not conduct discovery for the parties. The court cannot compel nonparties to provide plaintiff with information but can order them to produce documents if properly requested. Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. <u>See</u> Fed. R. Civ. P. 34(c), 45(a). In order to do so, plaintiff must fill out subpoena forms and must ensure that each person is served with the subpoena by a non-party. Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, <u>see</u> 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding <u>in</u> <u>forma</u> <u>pauperis</u>.

See <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993). Accordingly, plaintiff's motion for leave to conduct non-party discovery is DENIED.

**C.     Motion for sanctions**

Plaintiff filed a motion for sanctions against defendants Weakley and Kessler. Because defendant Kessler was previously dismissed as a party to this action, the motion is DENIED as moot as to her. Regarding defendant Weakley, it is unclear exactly what plaintiff complains of. It appears that plaintiff requests sanctions against Weakley for transferring plaintiff, however, the court is unaware of any authority or rule under which plaintiff makes this request. Accordingly, without more persuasive and relevant information, the motion is DENIED.

**D.     Motion to compel response from DRC and Susan Kessler**

On May 20, 2009, plaintiff filed a motion to compel former defendants DRC and Susan Kessler to respond to discovery. Because the court dismissed DRC and Kessler as defendants in its August 7, 2009 order, plaintiff's motion is DENIED as moot.

This order terminates docket numbers 77, 78, 81, 82, and 83.

IT IS SO ORDERED.

DATED: ___1/5/10___

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge